[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12260
Non-Argument Calendar

_____

BIA Nos. A76-976-104 & A95-543-829

MARIA ISABEL RAMOS BOHORQUEZ,
ANGELICA CIFUENTES-RAMOS,
YESSICA CIFUENTES-RAMOS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 5, 2007)**

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Maria Isabel Ramos-Bohorquez and her daughters Angelica Cifuentes-

Ramos and Yessica Cifuentes-Ramos (collectively referred to as "Petitioners") petition this Court for review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"), and the BIA's order denying their motion to reconsider. For the following reasons, we dismiss the petition in part and deny it in part.

## I. Background

Petitioners, natives and citizens of Colombia, filed an application for asylum, withholding of removal, and CAT relief alleging that lead petitioner Ramos-Boherquez had suffered persecution from the Revolutionary Armed Forces of Columbia ("FARC") due to her membership in a particular social group and that she feared for her safety if she returned to Columbia. The IJ denied Petitioners' application, and on December 30, 2005, the BIA affirmed the IJ's denial. On January 28, 2006, Petitioners filed a motion for reconsideration, and the BIA denied the motion on March 16, 2006. On April 14, 2006, Petitioners filed the instant petition for review with this Court. In response, the Government argues that we lack jurisdiction to consider arguments challenging the BIA's affirmance of the IJ's decision and that Petitioners have abandoned their claims regarding the BIA's denial of the motion for reconsideration.

## II. Discussion

We review de novo whether we have subject matter jurisdiction. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). An IJ's order of removal becomes final when it is affirmed by the BIA. See 8 C.F.R. § 1241.1(a) (providing that an order of removal becomes final upon dismissal of an appeal by the BIA). Although we ordinarily have jurisdiction to review final orders of removal, by statute, a petitioner must file a petition for review within 30 days of the issuance of the final order. See 8 U.S.C. § 1252(b)(1). This statutory limit for filing a petition for review is "mandatory and jurisdictional," and is not subject to equitable tolling. Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995)). And filing a motion to reconsider does not suspend the finality of the order and does not toll the 30-day limitations period. Stone, 514 U.S. at 394-95, 115 S.Ct. at 1543-44.

Here, Petitioners filed the instant petition for review on April 14, 2006—more than 30 days after the BIA's December 30, 2005 order affirming the IJ's denial of relief. Therefore, Petitioners failed to file a timely petition for review of the December 30, 2005 order, and we have no jurisdiction to consider the merits of that decision. Accordingly, to the extent that the arguments pertain to that order, we dismiss the petition.

We do, however, have jurisdiction to review the BIA's March 16, 2006

3

order denying Petitioners' motion to reconsider, as their petition for review is timely regarding that order. See id. But Petitioners raise no arguments concerning that order in their initial brief before this Court. By failing to argue this issue in their brief, they are deemed to have abandoned it. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (holding that where a party fails to offer argument on an issue, that issue is abandoned). Accordingly, we deny their petition for review with regard to the motion to reconsider.

### III. Conclusion

For the foregoing reasons, we **DISMISS** the petition as to the BIA's December 30, 2005 order and **DENY** the petition as to the BIA's March 16, 2006 order.

4